United States District Court
Southern District of Texas
**ENTERED**
September 11, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA,           §
                                    §
          Plaintiff/Respondent,     §
                                    §     CRIMINAL NUMBER H-19-701-02
v.                                  §     (CIVIL ACTION NO. H-22-4270)
                                    §
MICHAEL LEWIS MILLER,               §
                                    §
          Defendant/Petitioner.     §

<u>**MEMORANDUM OPINION AND ORDER**</u>

Michael Lewis Miller ("Petitioner") pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841. As part of his plea agreement, Petitioner waived his right to appeal any issue other than ineffective assistance of counsel. Petitioner now brings a Motion Pursuant to 28 U.S.C.S. § 2255 to Vacate, Set Aside or Correct a Sentence ("Petitioner's § 2255 Motion") (Docket Entry No. 87). For the reasons explained below, Petitioner's § 2255 Motion will be denied, and the court will not issue a certificate of appealability.

## I.  Background

Petitioner was indicted on September 15, 2019, on one count of conspiracy to possess with intent to distribute methamphetamine and two counts of possession with intent to distribute

methamphetamine.[1]     Petitioner  pleaded  guilty  to  one  count  of

possession with intent to distribute methamphetamine pursuant to a

Plea Agreement (Docket Entry No. 64).[2]     The Plea Agreement was

conditioned on a waiver of appeal rights:

> Defendant knowingly and voluntarily waives the right to
> appeal or "collaterally attack" the conviction and
> sentence, except that Defendant does not waive the right
> to raise a claim of ineffective assistance of counsel on
> direct appeal, if otherwise permitted, or on collateral
> review in a motion under Title 28, United States Code,
> section 2255.[3]

At Petitioner's rearraignment, the court verified his understanding

of the appeal waiver:

THE COURT:          All right.  In the plea agreement you're waiving
                    your right to appeal.  And just so we're clear
                    on what that is.  An appeal, a direct appeal, is
                    a continuation of your criminal case throughout
                    the court. . . . By giving up your right to
                    appeal, essentially that means that the
                    decisions that Judge Hughes makes are the
                    decisions that you're stuck with.

                    There's also a thing called a collateral attack
                    . . . . And it's where you can bring to the
                    Court's attention things that you might not have
                    been able to bring on a direct appeal.  But
                    you're giving up that right as well.

                    The only thing that you do preserve is your
                    ability to collaterally attack, or raise on that
                    motion we just talked about, anything that has
                    to do with your lawyer's performance.  It's the
                    only thing that you don't waive.

---

[1]Indictment, Docket Entry No. 1, pp. 1-3.  For purposes of
identification all page numbers reference the pagination imprinted
at the top of the page by the court's Electronic Case Filing
("ECF") system.

[2]Plea Agreement, Docket Entry No. 61, p. 1 ¶ 1.

[3]Id. at 3 ¶ 6.

> So do you understand that you're giving up your right to appeal and to collaterally attack your conviction and sentence?

DEFENDANT MILLER: Yes, sir. I do.[4]

Petitioner also acknowledged that in determining his sentence, the court could consider relevant conduct beyond the conduct to which he admitted and pleaded guilty.[5]

At sentencing, defense counsel objected to the Presentence Investigation Report ("PSR") relying on conduct and drug quantities that were the basis for Count Five — to which Petitioner did not plead guilty, but the court adopted the PSR without change.[6] The court sentenced Petitioner to 151 months in custody.[7] Petitioner's defense counsel did not file an appeal.

Petitioner filed a § 2255 Motion.[8] Petitioner's "sole issue in his 2255 is that this dismissed Count 5 should not have been used to increase or enhance his sentence in any way and that his attorney was ineffective for his failure to challenge this issue on appeal."[9] The United States ("the Government") states in its

---

[4]Re-Arraignment (Via Video), Docket Entry No. 96, pp. 31-32.

[5]Id. at 26 lines 7-15.

[6]Transcript of Sentencing, Docket Entry No. 85, p. 4 lines 1-10; PSR, Docket Entry No. 68, pp. 7-8 ¶¶ 19-24; Statement of Reasons, Docket Entry No. 82, p. 1.

[7]Judgment in a Criminal Case, Docket Entry No. 81, p. 2.

[8]Petitioner's § 2255 Motion, Docket Entry No. 87.

[9]Memorandum in Support of Motion Pursuant to 28 U.S.C. 2255 ("Petitioner's § 2255 Memorandum"), Docket Entry No. 89, pp. 1-2.

Motion to Dismiss and Response ("Government's Motion to Dismiss") (Docket Entry No. 98) that this can be construed liberally as one of three challenges: "1) The Court erred in the technical application of the Sentencing Guidelines by considering the relevant conduct from his high-speed flight from law enforcement; 2) Ineffective assistance of counsel at his sentencing because his attorney 'inadequately' objected to the inclusion of the relevant conduct; and 3) Ineffective assistance of counsel because his attorney did not appeal the Court's decisions to consider the relevant conduct."[10]  The Government opposes Petitioner's § 2255 Motion and filed a Motion to Dismiss and a Supplemental Response and Motion for Summary Judgment ("Government's MSJ") (Docket Entry No. 105).  The Government argues that any collateral challenge to the sentencing itself is barred by the appeal and collateral attack waiver.[11]  The Government argues that a challenge to the adequacy of defense counsel's PSR objection fails because the underlying objection would have been meritless.[12]  And the government argues that a challenge to the decision not to appeal fails because Petitioner had waived the right to appeal.[13]  Defendant filed a Reply to Government's Response and Motion to Dismiss Movant's

---

[10]Government's Motion to Dismiss, Docket Entry No. 98, p. 13. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (pro se documents are "'to be liberally construed'").

[11]Government's Motion to Dismiss, Docket Entry No. 98, p. 25.

[12]Id. at 34 (citing id. at 28-29).

[13]Id. at 35.

-4-

Motion Under 28 U.S.C. 2255 ("Petitioner's MTD Reply") (Docket Entry No. 102) and a Reply to Government's Supplemental Response and Motion for Summary Judgment ("Petitioner's MSJ Reply") (Docket Entry No. 106).

## II.   <u>Legal Standard</u>

### A.   Title 28 U.S.C. § 2255

28 U.S.C. § 2255(a) states that a prisoner sentenced by a federal court may move that court "to vacate, set aside or correct the sentence" "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack."  "A defendant can challenge a final conviction, but only on issues of constitutional or jurisdictional magnitude."  <u>United States v. Willis,</u> 273 F.3d 592, 595 (5th Cir. 2001).  "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  <u>United States v. Frady,</u> 102 S. Ct. 1584, 1593 (1982).

A court must grant an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. 2255(b).  "When facts are at issue in a § 2255 proceeding, a hearing is required if (1) the record, as supplemented by the trial court's personal knowledge or recollection, does not conclusively negate the facts alleged in support of the claim for

§ 2255 relief, and (2) the movant would be entitled to postconviction relief as a legal matter if his factual allegations are true." United States v. Anderson, 832 F. App'x 284, 287 (5th Cir. 2020). A petitioner's "conclusory assertions do not support the request for an evidentiary hearing." United States v. Auten, 632 F.2d 478, 480 (5th Cir. 1980). Instead, a petitioner must produce "independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998); United States v. Edwards, 442 F.3d 258, 264 (5th Cir. 2006).

## B. Ineffective Assistance of Counsel

"[A] claim for ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be raised on direct appeal." United States v. Conley, 349 F.3d 837, 839 n.1 (5th Cir. 2003) (internal quotation marks omitted). To prevail on an ineffective assistance of counsel claim, a convicted defendant must show (1) that defense counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984).

Performance is deficient if the defendant's lawyer "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. "[A] court

-6-

must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 2065.  To show prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 2068.

### III.  <u>Analysis</u>

### A.  The Court's Application of the Sentencing Guidelines

Petitioner argues that the court should not have considered conduct related to Count Five, to which Petitioner did not plead guilty.[14]  Petitioner acknowledges that <u>United States v. Watts,</u> 117 S. Ct. 633 (1997) "held that relevant conduct from acquitted, uncharged, and dismissed charges could be used to enhance a defendant's sentence."[15]  But he argues that this holding may have been "effectively overruled" by <u>Nelson v. Colorado,</u> 137 S. Ct. 1249 (2017), which held that due process was violated by a Colorado law requiring defendants to show their innocence by clear and convincing evidence to recover costs, fees, and restitution paid pursuant to an invalidated conviction.  But to the extent Petitioner's § 2255 Motion is collaterally attacking the court's sentence as inconsistent with <u>Nelson,</u> this attack is plainly waived by the Plea Agreement's appeal waiver.

---

[14]Petitioner's § 2255 Memorandum, Docket Entry No. 89, p. 1.

[15]<u>Id.</u> at 2.

## B.   Ineffective Assistance for Not Adequately Objecting

Petitioner argues that his defense counsel's objection to the PSR, including Count Five conduct, was inadequate.[16]   Petitioner offers few details, stating only that "[t]he issue was tentatively but inadequately objected to during sentencing and was overruled by this Court[]" and that Petitioner's "attorney failed to properly state the reasons for his objection."[17]   The Government responds that this argument is conclusory and that Petitioner cannot show prejudice because the underlying objection lacked merit.   The Fifth Circuit has not indicated that Nelson implicitly overruled Watts and has in fact stated the opposite in at least one unpublished opinion.   See United States v. Mosley, 782 F. App'x 353, 354 (5th Cir. 2019) (per curiam) ("Nelson is inapposite; the district court could rightly consider Mosley's acquitted conduct, which it needed find only by a preponderance of the evidence.   See United States v. Watts, 117 S. Ct. 633 (1997).").   Therefore, even assuming without deciding that defense counsel's articulation of this argument was inadequate, Petitioner has not shown prejudice because a more robust objection would not have led to a different result.

## C.   Ineffective Assistance for Failure to Appeal

Petitioner argues that his defense counsel erred by failing to file an appeal challenging the court's consideration of the Count

---

[16]Id.

[17]Id.

-8-

Five conduct.[18]  But as the Government notes, the Plea Agreement waived Petitioner's right to file an appeal.  Defense counsel's decision not to file an appeal was therefore neither deficient nor prejudicial.  See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994) ("In his plea agreement, Wilkes waived all rights to appeal his sentence . . . Wilkes's attorney cannot be considered deficient for failing to raise claims knowingly and voluntarily waived in the process of plea bargaining.").

## D.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings states that a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability will not issue unless that applicant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires an applicant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)).  Under that controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement

---

[18] Id.

-9-

to proceed further." <u>Miller-El v. Cockrell,</u> 123 S. Ct. 1029, 1039 (2003) (internal quotation marks omitted).

A district court may deny a certificate of appealability, <u>sua sponte,</u> without requiring further briefing or argument.   <u>See</u> <u>Alexander v. Johnson,</u> 211 F.3d 895, 898 (5th Cir. 2000).   The court concludes that reasonable jurists could not find any of Petitioner's claims meritorious, so a certificate of appealability will be denied.

## IV.   Conclusion and Order

Petitioner waived his right to collaterally attack his sentence on grounds other than ineffective assistance of counsel. And Petitioner's ineffective assistance of counsel arguments fail because he cannot show that defense counsel's decisions caused him prejudice.   The record conclusively shows that Petitioner is not entitled to any relief, so the court need not grant an evidentiary hearing.   Petitioner's Motion Pursuant to 28 U.S.C.S. § 2255 to Vacate, Set Aside, or Correct a Sentence (Docket Entry No. 87) is therefore **DENIED**.   Because reasonable jurists could not find any of Petitioner's asserted claims meritorious, a certificate of appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 11th day of September, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

-10-